UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JONATHAN ROBINSON, | ) |
| Plaintiff, | ) Case: 1:24-cv-01232 |
| v. | ) |
| LIBERTY STEEL & WIRE - PEORIA, | ) |
| Defendant. | ) Jury Trial Demanded |

# COMPLAINT

**NOW COMES** Plaintiff, Jonathan Robinson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Liberty Steel & Wire - Peoria ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Jonathan Robinson, resides in Peoria County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, Liberty Steel & Wire – Peoria is an entity doing business in and for Peoria County, Illinois, whose address is 7000 S Adam Street, Peoria, Illinois 61641-0001.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as an operator from on or around May 5, 2023, until he was unlawfully terminated on or around October 10, 2023.

13. Since the beginning of Plaintiff's employment, Defendant has subjected Plaintiff to

different terms and conditions of employment than others not within his protected class and has been subjected to a hostile work environment on the basis of race, violating Title VII and Section 1981.

14. Plaintiff is African American and is a member of a protected class because of their race whom Defendant subjected to different terms and conditions of employment than others not within his protected class.

15. Since the beginning of Plaintiff's employment, Plaintiff immediately noticed a difference in treatment of African American and Caucasian employees by the head manager, Tammy (LNU).

16. Tammy would refuse to accommodate requests from African Americans' but would understand and honor Caucasian employees requests.

17. For example, Plaintiff had requested permission to pick up his daughter from school as an emergency, but Tammy always denied Plaintiff's request and would threaten Plaintiff with a write-up if he left.

18. For individuals outside of Plaintiff's protected class, Caucasian employees, were not met with the same resistance such as Caucasian employees with no-call/no-shows were not issued write ups.

19. Furthermore, Tammy was disrespectful, racist, and discriminatory towards African American employees.

20. Specifically, Tammy made racist comments to Plaintiff and other African American employees including, "I'm gonna make their black ass do what I want them to do" and "I'm gonna make sure his black ass gets up out of here."

21. Plaintiff felt disrespected and discriminated against by these comments.

22. It was clear to Plaintiff that Tammy had an animus towards African Americans that was creating a hostile environment for Plaintiff.

23. As a result, towards the end of September 2023, Plaintiff decided to complain to Sam (LNU), Head Foreman, about Tammy's racial and discriminatory behavior towards African American employees.

24. After Plaintiff voiced his concerns, Sam gave Plaintiff a look asking if Plaintiff wanted to make a verbal or submit a written complaint.

25. Sam proceeded to tell Plaintiff that if his complaint was written that Plaintiff would have to take a drug test.

26. Plaintiff was shocked that Sam inferred the need for a drug test after voicing his concerns. Additionally, Plaintiff had never been required to get a drug test before as it was not required for his position.

27. Because Plaintiff feared retaliatory actions, Plaintiff decided only to make a verbal complaint.

28. A week after Plaintiff's complaint, Tammy issued Plaintiff a write up accusing him of a no call/no show.

29. Plaintiff attempted calling many times to report his absence, but no one answered the phone in the office; per the company's policy, Plaintiff was required to only call the office phone to report absences.

30. Although Plaintiff tried to explain this to Tammy, Tammy ignored Plaintiff's explanations.

31. Additionally, Plaintiff was threatened with an additional write-up if he went to pick up his daughter from school.

32. Plaintiff engaged in protected activity again by complaining to Sam.

33. Although Sam agreed with Plaintiff's concerns, he responded by saying, "She should ask if you can pick her up and return."

34. Defendant's employee, Sam, did not address Plaintiff's concerns, nor did he forward complaints to Human Resources.

35. On or around October 10, 2023, Plaintiff was terminated by Sam for the purported reason that "it wasn't a good fit."

36. When Plaintiff asked for more details, he disregarded Plaintiff and asked for his uniforms and work tools.

37. Plaintiff was in disbelief that Defendant was terminating his employment just two short weeks after Plaintiff complained about racial discrimination.

38. The timing of Plaintiff's complaint and termination made it clear to Plaintiff that his termination was in retaliation for his complaint about racial discrimination in the workplace.

39. Two weeks after Plaintiff was terminated, Plaintiff received a call from Human Resources that they were unaware of his termination.

40. After Plaintiff told Human Resources that he was terminated by Sam, expounded his previous complaints about Tammy's unlawful and discriminatory treatment, and explained how his concerns were never addressed, Defendant's Human Resource representative stated that they would offer Plaintiff a new job in a different department.

41. However, the new job never came to fruition as the Human Resource

5

representative never called Plaintiff back.

42. Plaintiff met or exceed Defendant's performance expectations during the entire duration of his employment.

43. Plaintiff was unlawfully terminated because of his race, (African American) on or around October 10, 2023.

44. Plaintiff was retaliated against, and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

45. Plaintiff reported the race-based harassment to Defendant.

46. Plaintiff was targeted for termination because of their race.

47. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

48. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

49. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to his manager about the harassment.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

50. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

51. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts include the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

52. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

53. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

54. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

55. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

56. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

57. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

58. Plaintiff met or exceeded performance expectations.

59. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

60. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

61. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

62. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

64. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

65. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

66. Defendant knew or should have known of the harassment.

67. The race-based harassment was severe or pervasive.

68. The race-based harassment was offensive subjectively and objectively.

69. The race-based harassment was unwelcomed.

70. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation

and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

73. Plaintiff repeats and re-alleges paragraphs 1-49 as if fully stated herein.

74. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

75. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race discrimination or race-based harassment.

76. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

77. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination or harassment.

78. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

79. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity.

80. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

81. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

82. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation,

and degradation.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

 a. Back pay with interest;

 b. Payment of interest on all back pay recoverable;

 c. Compensatory and punitive damages;

 d. Reasonable attorneys' fees and costs;

 e. Award pre-judgment interest if applicable; and

 f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June.

                                                    */s/ Alexander J. Taylor*
                                                  **ALEXANDER J. TAYLOR, ESQ.**
                                                  **SULAIMAN LAW GROUP LTD.**
                                                  2500 S. Highland Avenue, Suite 200
                                                  Lombard, Illinois 60148
                                                  Phone (630) 575-8181 ext. 180
                                                  Fax (630) 575 - 8188
                                                  ataylor@sulaimanlaw.com
                                                  *Attorney for Plaintiff*